******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ABDUL MUKHTAAR
(AC 40099)

Mullins, Elgo and Beach, Js.

*Syllabus*

The defendant, who had been convicted of the crime of murder in connection with a shooting incident when he was twenty years old, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. In his motion, he claimed that his brain had not developed fully at the time of the crime such that he could not comprehend the gravity of his actions, that his chronological age at the time of the crime was not representative of his mental age, which was not substantially different from that of a juvenile, and that the sentencing judge should have afforded him a competency hearing to determine whether he could stand trial and aid in his own defense. In support of his claim, he sought to have the trial court apply the rationale of *Miller* v. *Alabama* (567 U.S. 460) and its progeny, which recognize that courts must consider mitigating evidence of youth and immaturity when sentencing juvenile offenders, including the offender's chronological age and its hallmark features as mitigating evidence against a severe sentence such as life imprisonment without parole. The defendant also filed a motion to allow an expert psychologist to testify, which the trial court denied. *Held* that the defendant could not prevail on his claim that denial of his motion to correct an illegal sentence was improper: because the defendant was twenty years old at the time of the crime, the trial court was not required under *Miller* necessarily and expressly to take the defendant's mental state into consideration at sentencing, and although he claimed that *Miller* should be extended to apply to an adult defendant whose mental age, at the time of the crime, was not substantially different from that of a juvenile, our law categorically limits review pursuant to *Miller* and its progeny to cases in which the defendant was under the age of eighteen at the time of the crime; accordingly, the defendant having failed to set forth a colorable claim for relief, the trial court did not have jurisdiction over his motion to correct an illegal sentence, which should have been dismissed rather than denied, and in light of the court's lack of jurisdiction, it did not err in precluding the testimony of the defendant's expert.

Argued September 25—officially released December 26, 2017

*Procedural History*

Information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Fairfield, and tried to the jury before *Gormley, J.*; verdict and judgment of guilty, from which the defendant appealed to our Supreme Court, which affirmed the judgment; thereafter, the court, *Devlin, J.*, denied the defendant's motion to correct an illegal sentence; subsequently, the court, *Devlin, J.*, denied the defendant's motion to allow expert testimony, and the defendant appealed to this court. *Reversed; judgment directed.*

*Abdul Mukhtaar*, self-represented, the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Emily Dewey Trudeau*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The self-represented defendant, Abdul Mukhtaar, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant claims that the trial court abused its discretion in (1) denying his motion to correct an illegal sentence and (2) denying his motion to allow an expert witness to testify.[1] We disagree.

The following facts and procedural history are relevant to this appeal.[2] On February 14, 1996, the defendant shot and killed Terri Horeglad, who was a passenger in a car that had stopped at the intersection of Fairfield and Iranistan Avenues in Bridgeport. The defendant was twenty years old at the time. He subsequently was arrested, charged and, following a jury trial, convicted of murder in violation of General Statutes § 53a-54a. On September 19, 1997, the trial court sentenced the defendant to fifty years imprisonment. On October 21, 2015, the defendant filed a motion to correct an illegal sentence. Relying on *Roper* v. *Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005), *Graham* v. *Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), and *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the defendant argued that his brain had not developed fully at the time of the crime such that he could not comprehend the gravity of his actions. The defendant claimed that his sentence had been imposed in an illegal manner because the sentencing judge did not grant him a competency hearing to determine whether he could stand trial and aid in his own defense. Seeking to introduce the testimony of a psychologist relevant to his mental state at the time of the crime, he also filed a motion to allow an expert to testify.

After argument on May 25, 2016, the trial court, *Devlin, J.*, denied the defendant's motion to correct an illegal sentence on the basis that *Roper*, *Graham*, and *Miller* apply only to individuals who were under the age of eighteen at the time of the crime. The court then denied as moot the defendant's motion to allow the expert to testify. This appeal followed.

On appeal, the defendant claims that the trial court improperly denied his motion to correct an illegal sentence on the ground that *Miller* and its progeny apply only to the sentencing of juveniles. The defendant does not dispute that, at least literally, the jurisprudence applies to juveniles. He claims, however, that the rationale underlying the cases is applicable equally to sentencing of adults whose mentalities at the time of the crime were similar to those of juveniles. He asserts that the trial court misconstrued his argument as relying on the precise holding of *Miller* when it, in fact, was based on the "brain science" underlying that case. At oral argument before this court, the defendant clarified that

he was claiming that his sentence was illegal because he was not afforded a competency hearing. He asserted that he was relying on *Miller* only to show that he should have been given a competency hearing because his mind had not fully developed at the time of the crime. The state contends that *Miller* and its progeny do not apply to the defendant because he was older than eighteen at the time of the crime. We agree with the state and note further that the trial court did not misconstrue the defendant's argument.[3]

We begin with the relevant standard of review and legal principles. "We review the [trial] court's denial of [a] defendant's motion to correct [an illegal] sentence under the abuse of discretion standard of review. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Logan*, 160 Conn. App. 282, 287, 125 A.3d 581 (2015), cert. denied, 321 Conn. 906, 135 A.3d 279 (2016).

"Practice Book § 43-22[4] sets forth the procedural mechanism for correcting invalid sentences, and its scope is governed by the common law." *State* v. *Martin M.*, 143 Conn. App. 140, 144, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013). "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates the defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *Starks*, 121 Conn. App. 581, 586, 997 A.2d 546 (2010). A claim that a sentence violated the precepts of *Miller* and its progeny is properly brought by means of a motion to correct pursuant to Practice Book § 43-22. See, e.g., *State* v. *Logan*, supra, 160 Conn. App. 287–90.

In *State* v. *Taylor G.*, 315 Conn. 734, 110 A.3d 338 (2015), our Supreme Court summarized the holdings in *Roper*, *Graham* and *Miller*. "[A]ll three federal cases recognized that, because the eighth amendment prohibition against cruel and unusual punishment is based on the principle that punishment should be graduated and proportioned to the offender and the offense, courts must consider mitigating evidence of youth and immaturity when sentencing juvenile offenders. Thus, applying this principle, the death penalty is a disproportionate

sentence for juvenile offenders, regardless of the crime; see *Roper* v. *Simmons*, supra, 543 U.S. 573–75; life imprisonment without the possibility of parole is a disproportionate sentence for juveniles convicted of a nonhomicide crime; *Graham* v. *Florida*, supra, 560 U.S. 74; and mandatory life imprisonment without the possibility of parole is a disproportionate sentence for juveniles convicted of a homicide, although a sentence of life imprisonment without the possibility of parole may be deemed appropriate *following* consideration of the child's age-related characteristics and the circumstances of the crime. See *Miller* v. *Alabama*, supra, [567 U.S. 479–80] . . . ." (Emphasis in original.) *State* v. *Taylor G.*, supra, 743–44.

"*Miller* logically indicates that, if a sentencing scheme permits the imposition of [a life sentence without parole] on a juvenile homicide offender, the trial court *must* consider the offender's chronological age and its hallmark features as mitigating against such a severe sentence." (Emphasis in original; internal quotation marks omitted.) *State* v. *Riley*, 315 Conn. 637, 658, 110 A.3d 1205 (2015), cert. denied,     U.S.    , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016). "We use the term juvenile offenders to refer to persons who committed a crime when they were younger than eighteen years of age." Id., 640 n.1; see also *State* v. *Taylor G.*, supra, 315 Conn. 741 n.7; *State* v. *Logan*, supra, 160 Conn. App. 288 n.11.

In the present case, the defendant, then twenty years old, was not a juvenile at the time of the crime. The trial court was therefore not required under *Miller* necessarily and expressly to take the defendant's mental state into consideration at sentencing. See *State* v. *Riley*, supra, 315 Conn. 658 ("trial court must consider the offender's *chronological age* and its hallmark features" [emphasis altered; internal quotation marks omitted]). The defendant contends, however, that his chronological age, at the time of the crime, was not representative of his mental age. In his motion to correct, the defendant asserted that *Miller* should be extended to apply to adult defendants whose mental age, at the time of the crime, was not substantially different from that of juveniles.

The United States Supreme Court, however, has expressly restricted *Miller* to apply only to those chronologically under the age of eighteen. See *Miller* v. *Alabama*, supra, 567 U.S. 465 ("[w]e therefore hold that mandatory life without parole *for those under the age of* [*eighteen*] *at the time of their crimes* violates the [e]ighth [a]mendment's prohibition on cruel and unusual punishments" [emphasis added; internal quotation marks omitted]); see also Id., 489 ("[b]y requiring that all *children* convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the

nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the [e]ighth [a]mendment's ban on cruel and unusual punishment" [emphasis added]).

In addition, the "brain science" referenced in *Miller*, upon which the defendant seeks to rely, also emphasized the differences between juveniles and adults. See Id., 471–72 ("[I]n *Graham*, we noted that developments in psychology and brain science continue to show fundamental differences between *juvenile* and adult minds . . . . We reasoned that those findings—of transient rashness, proclivity for risk, and inability to assess consequences—both lessened a *child's* moral culpability and enhanced the prospect that, as the years go by and neurological development occurs, his deficiencies will be reformed." [Citation omitted; emphasis added; footnote omitted; internal quotation marks omitted.]).

Our Supreme Court has used the term "juvenile offenders" under *Miller* to mean those who are under eighteen at the time of the crime. See *State* v. *Taylor G.*, supra, 315 Conn. 741 n.7; *State* v. *Riley*, supra, 315 Conn. 640 n.1. Finally, this court recently held that "[e]xpanding the application of *Miller* to offenders eighteen years of age or older simply does not comport with existing eighth amendment jurisprudence pertaining to juvenile sentencing." *Haughey* v. *Commissioner of Correction*, 173 Conn. App. 559, 568, 164 A.3d 849, cert. denied, 327 Conn. 906, 170 A.3d 1 (2017).

We emphasize that a Superior Court traditionally loses jurisdiction over a criminal case once the defendant begins serving a sentence; a motion to correct pursuant to Practice Book § 43-22 is an exception. Few categories of claims qualify for consideration under that exception. See, e.g., *State* v. *Casiano*, 122 Conn. App. 61, 66–67, 998 A.2d 792, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010). Our courts have determined that sentences of *juveniles* may qualify, in limited circumstances, if the vicissitudes of youth have not adequately been considered at sentencing. The line, however, has been brightly drawn at eighteen, and we are not free to ignore that bright line. See, e.g., *Haughey* v. *Commissioner of Correction*, supra, 173 Conn. App. 568–69.

Our law, then, categorically limits review pursuant to *Miller* and its progeny to cases in which the defendant was under the age of eighteen at the time of the crime. In *State* v. *Delgado*, 323 Conn. 801, 810–811, 151 A.3d 345 (2016), our Supreme Court held that the Superior Court had no jurisdiction to entertain a motion to correct that did not state a colorable claim for relief. The defendant, in this case, did not set forth a colorable claim for relief. Consequently, pursuant to *Delgado*, the trial court did not have subject matter jurisdiction over the defendant's motion to correct. Further, because the trial court lacked jurisdiction, it did not err in precluding the testimony of the defendant's expert.

The judgment is reversed and the case is remanded with direction to dismiss the defendant's motion to correct an illegal sentence.

In this opinion the other judges concurred.

[1] The defendant also claims that the court erred in (3) precluding him from presenting his psychological evaluation report and a study on racial disparity as to sentencing, (4) failing to consider that he was a first-time felon and other mitigating factors, (5) failing to vacate his sentence on the ground that the same judge had presided over his probable cause hearing and his trial, and (6) failing to afford him his rights under the fourteenth amendment to the United States constitution. Our conclusions with respect to claims one and two are dispositive of claims three and six. Claims four and five are not properly before us because the defendant did not raise them in the trial court. *State* v. *Boyd*, 295 Conn. 707, 757–58, 992 A.2d 1071 (2010), cert. denied, 562 U.S. 1224, 131 S. Ct. 1474, 179 L. Ed. 2d 314 (2011). Additionally, claim four was previously addressed in a motion to correct an illegal sentence that the defendant filed in 2013. See *State* v. *Mukhtaar*, Superior Court, judicial district of Fairfield, Docket No. CR-96-261380 (September 20, 2013) (2013 WL 5614541). Also, claim five was addressed in the defendant's 2008 habeas petition. See *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 436 n.4, 119 A.3d 607 (2015).

[2] See generally *Mukhtaar* v. *Commissioner of Correction*, supra, 158 Conn. App. 431.

[3] In his motion to correct, the defendant stated that "[b]ased on the retroactivity of everyone challenging their sentence for juvenile justice for competency hearing under *Casiano* . . . [t]he defendant also requests a competency hearing and a hearing/test to see if at [any time] was the defendant competent enough to stand trial and aid in his defense of this murder charge." He concluded that motion by stating, "if you have two defendants who are both charged with the same murder and they both shot the victim to death. But one defendant was [eighteen] years old, and the other defendant is [seventeen] years old and both are sentenced to [sixty] years. How can you give one parole and the other no parole, when brain science supports the fact that neither defendant's brain's frontal lobe was not fully developed?" At oral argument before this court, however, the defendant claimed that the lack of a competency hearing itself rendered his sentence illegal. There is nothing in the record to suggest that the defendant appeared less than competent at sentencing such that the sentencing judge should have held a competency hearing.

As did the trial court, however, we understand the defendant to claim that a competency hearing would have revealed that he qualifies for the sentencing mandates of *Miller* v. *Alabama*, supra, 567 U.S. 460. Put another way, we view the defendant's somewhat elusive claim to be that his claim of immaturity at the time of the crime makes him eligible to file a motion to correct and a competency hearing would have provided evidence of such immaturity.

[4] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."